```
IN THE UNITED STATES DISTRICT COURT FOR THE
         EASTERN DISTRICT OF OKLAHOMA
```

LARRY NUGENT,                    )
                                 )
         Plaintiff,              )
                                 )
v.                               )   Case No. CIV-13-253-KEW
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security Administration,         )
                                 )
         Defendant.              )

## OPINION AND ORDER

Plaintiff Larry Nugent (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on September 12, 1962 and was 49 years old at the time of the ALJ's decision. Claimant completed his high school education and obtained an associates degree in nursing. Claimant was a staff sergeant in the Air Force where he worked as a medic. He also worked in the past as a fiberglass laminator building boats, a dishwasher in a restaurant, and an ammunition

process checker/inspector.  Claimant alleges an inability to work beginning January 1, 2009 due to limitations resulting from sleep apnea, depression/anxiety, panic attacks, confusion, weakness as a side effect of his medications, sinusitus, dizziness, angina, rapid pulse, hypertension, and an enlarged heart.

**Procedural History**

On March 15, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act.  On March 30, 2010, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act.  Claimant's applications were denied initially and upon reconsideration.  On February 23, 2012, an video administrative hearing was held before Administrative Law Judge ("ALJ") John W. Belcher with the ALJ in Tulsa and Claimant in Muskogee, Oklahoma.  By decision dated March 26, 2012, the ALJ denied Claimant's requests for benefits.  The Appeals Council denied review of the ALJ's decision on May 29, 2013.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential

evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to consider that Claimant was in borderline age category when he made his decision; and (2) rejecting the opinion of the state agency physicians who reviewed Claimant's medical record.

**Claimant's Age Category**

In his decision, the ALJ found Claimant suffered from the severe impairments of "heart", hypertension (orthostatic), sleep apnea (untreated), obesity, affective disorder, and anxiety related disorder. (Tr. 14). The ALJ determined Claimant retained the RFC to perform sedentary work by occasionally lifting/carrying 10 pounds, frequently lifting/carrying less than 10 pounds, standing and/or walking for 2-3 hours in an 8 hour workday for 15 minutes at a time, and sitting for 6-8 hours in an 8 hour workday all with normal breaks. Claimant should avoid climbing ladders, ropes and scaffolds. He was able to climb stairs, balance, bend, or stoop, kneel, crouch, and crawl only occasionally. Claimant should avoid fumes, odors, dusts, toxins, gases, and poor ventilation. He should

5

also avoid hazards or fast machinery, unprotected heights, and driving. Claimant was found to be able to do simple work with only superficial contact with co-workers and supervisors. He should also avoid contact with the public. (Tr. 16).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of assembly worker, inspector/checker, and clerical mailer/sorter, all of which the vocational expert testified existed in sufficient numbers nationally and regionally. (Tr. 22-23). The ALJ, therefore, concluded Claimant was not disabled. (Tr. 23).

Claimant contends the ALJ failed to consider that he was in a borderline age category. At the time of the ALJ's decision, Claimant was 49 years, 6 months, and 14 days old or 5 months and 17 days from turning 50 years old. The application of the borderline age situation is not applied mechanically. 20 C.F.R. §§ 404.1563(b) and 416.963(b). "Older age is an increasingly adverse vocational factor for persons with severe impairments." Soc. Sec. R. 83-10. The case authority is fluid on establishing how close to the next age category a claimant must be to be placed in that category. But it is clear that the ALJ must address the issue. Byers v. Social Security Admin., 2012 WL 6700377 , 2-3 (10th Cir.). The ALJ did not address the possibility but shall do so on remand. This Court is not directing that he find Claimant to be in the borderline age

category but, considering the sedentary work level in which Claimant has been placed and the extent of his limitations, if Claimant does fall in the borderline category it likely will affect his disability status.

**Consideration of State Agency Physicians' Opinions**

Claimant contends the ALJ improperly rejected the opinion of Dr. Sally Varghese, a consulting physician on mental issues. On July 13, 2010, Dr. Varghese completed a Mental Residual Functional Capacity Assessment form on Claimant. She found Claimant to be markedly limited in the areas of the ability to understand and remember detailed instructions and the ability to carry out detailed instructions. She also found Claimant was moderately limited in the area of the ability to interact appropriately with the general public. (Tr. 662-63).

On October 8, 2010, Dr. Carolyn Goodrich also completed a mental RFC assessment form. She similarly found Claimant markedly limited in the same first two areas as Dr. Varghese but found Claimant to be markedly limited in the area of the ability to interact appropriately with the general public. (Tr. 688-89).

The ALJ stated that he gave these opinions "great weight" and found their opinions to be consistent with his RFC determination. (Tr. 21). However, he did not include any of the mental limitations

7

found by these state agency physicians in his RFC assessment. The ALJ erred by failing to explain the basis for rejecting these physicians' opinions regarding the functional limitations they found. Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003); Shurbargo v. Barnhart, 2005 WL 3388615, 6 (10th Cir.). On remand, the ALJ shall either adopt the limitations findings in the opinions of these physicians or explain why the findings are rejected.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 30th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE